IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| RUSSELL MORTON, JR.         )<br>          Plaintiff,          )<br>                              )<br>     v.                      )<br>                              )<br> LOUIS DEJOY, *Postmaster General,*  )<br>*United States Postal Service*,    )<br>          Defendant.         )<br>_____ ) | Civil Action No. 3:23CV620 (RCY) |

**MEMORANDUM OPINION**

Plaintiff Russell Morton, Jr. ("Plaintiff" or "Mr. Morton") is a former employee of the U.S. Postal Service, and he brings this action against Defendant Louis DeJoy, Postmaster General of the U.S. Postal Service ("Defendant"), alleging various claims stemming his employment. The case is before the Court on Defendant's Motion to Dismiss, ECF No. 4. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons set forth below, the Court will grant Defendant's Motion to Dismiss.

**I. RELEVANT PROCEDURAL HISTORY**

On August 29, 2023, service was made upon Defendant with respect to a suit brought by Mr. Morton in Richmond City Circuit Court. *See* State Ct. R. at 2, ECF No. 1-1.[1] On September 28, 2023, Defendant timely removed this action from Richmond City Circuit Court, on the basis of USPS being a party to the suit.[2] *See* Notice of Removal 2, ECF No. 1; 28 U.S.C. § 1446(b)(1)

---

[1] Throughout this opinion, the Court utilizes the page numbers assigned by the CM/ECF system.

[2] "[A] suit against [the postmaster general] in his official capacity is treated as a suit against the Postal Service." *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998). Mr. Morton does not explicitly use the term "official capacity," but he purports to bring this case against "the USPS, Louis DeJoy the USPS Postmaster General, and the USPS Richmond (Atlantic) District," Compl. 1, and brings claims that can only be brought against heads of agencies in their official capacity, *see, e.g.*, *Levesy v. Scolese*, 2023 WL 5835763, at *6 (E.D. Va. Sept. 7, 2023) (Title

("The notice of removal of a civil action or proceeding shall be filed within 30 days after [service].").

On October 26, 2023, Defendant filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF No. 4, an accompanying Memorandum in Support, ECF No. 5 ("Def.'s Mem. Supp."), and a proper *Roseboro* Notice pursuant to Rule 7(K) of the Local Civil Rules of the United States District Court for the Eastern District of Virginia, *see* ECF No. 6. Mr. Morton did not file a response, and Defendant did not file a reply.

## II. BACKGROUND

### A. Factual Allegations

Starting in 2013, Mr. Morton worked at the U.S. Postal Service ("USPS") Petersburg Main Station post office. Compl. ¶¶ 13–14, ECF No. 1-1. On November 13, 2017, Mr. Morton returned to work after being out for over a year due to injuries he suffered on the job. *Id.* ¶ 13.

On November 17, 2017, Mr. Morton arrived at the Petersburg station, and as he got out of his car to go into the building, "Supervisor Tarnise Bell with unnecessary attitude told Mr. Morton that he had to move his car which was located on the side of the building for office staff to park." *Id.* ¶ 14. Mr. Morton told his supervisor "okay," but he went inside the station to clock-in before moving his car. *Id.* ¶ 16. Mr. Morton then went inside the station, was asked again to move his car, and "Mr. Morton told [his supervisor] that he had an assignment to do and will after he does that." *Id.* ¶ 17. The "assignment" required Mr. Morton to "get information from [the Carriers]." *Id.* "Once Mr. Morton finished doing what he was instructed to do" inside, "he went outside to move his vehicle to another space for those who work inside the station." *Id.* ¶ 20.

---

VII and Rehabilitation Act claims must be brought against the "head of an agency in his official capacity"), *aff'd*, No. 23-2005, 2024 WL 1366769 (4th Cir. Apr. 1, 2024).

2

Supervisor Bell then "was harassing and threatening to Mr. Morton." *Id.* ¶ 23. She stated that "Mr. Morton was being insubordinate, not following instructions, and" would be "writ[ten] up to be removed from USPS." *Id.* She spoke to him "as if he were less than or nothing, and just a plain carrier as she stated when in fact Mr. Morton holds an MBA in Business and Entrepreneurship." *Id.* ¶ 22. She "began lying [about] Mr. Morton and accused him of going around the station distracting the Carriers from their work." *Id.* ¶ 26. And, she told Mr. Morton "that he cannot come into the station like he is the mayor and does not know his place." *Id.* ¶ 27. Supervisor Bell "told him that if he goes back to the desk with the computer access where he was doing his work," she would write him up. *Id.* ¶ 24.

"On November 19, 2017, Mr. Morton submitted a grievance to the USPS Petersburg Main Station Union President for what occurred with Supervisor Tarnise Bell." *Id.* ¶ 30. "Once Morton filed his grievance" with the Union President, "Bell did not communicate with him." *Id.* ¶ 31. Mr. Morton "separate[d] from USPS [on] November 30, 2017," following his receipt of a letter "award[ing] [him] his Medical Disability." *Id.* ¶¶ 28–29.

## B. Administrative Claim History

Mr. Morton made contact with the Equal Employment Opportunity Commission "on June 3, 2018," when he filed a "Motion to Amend relating to a prior [EEOC] case . . . which was before a USPS EEOC Administrative [Law] Judge" ("ALJ"). *Id.* ¶ 4. That case had been pending since Mr. Morton filed a formal EEOC complaint on September 9, 2016, relating to conduct necessarily pre-dating the conduct at issue in this case. *See* Def.'s Mem. Supp. Ex. A, ECF No. 8-1, *Morton v. DeJoy*, No. 3:23cv618 ("September 9, 2016 EEOC Complaint").[3] An EEO ALJ "denied the

---

[3] At the motion to dismiss stage, a court may consider: the face of the complaint; documents attached to the complaint; documents incorporated by reference, integral to the complaint, and authentic; and matters of public record subject to judicial notice. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing Fed. R. Civ. P. 10(c); *Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006); *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir.

3

Motion to Amend on June 11, 2020," but the ALJ ordered to have the Motion to Amend processed "as a separate EEOC complaint." Compl. ¶ 5.

EEOC "issued a Notice of Right to File a Complaint of Discrimination on September 16, 2020." *Id.* ¶ 6. Mr. Morton filed an EEOC complaint "on September 21, 2020," in which Mr. Morton alleged "discriminatory harassment" based on the allegations that "management instructed him to move his car from the staff parking lot which has accessible parking, . . . spoke to him disrespectfully, . . . [and] denied him the use of the office computer." *Id.* ¶ 7.

On October 6, 2020, Mr. Morton's complaint was dismissed "for untimely EEOC contact, pursuant to 29 C.F.R. § 1614.107(a)(2)." *Id.* ¶ 8. Mr. Morton appealed to the EEOC, and the EEOC affirmed the dismissal "for untimely EEOC contact on February 2, 2021." *Id.* ¶¶ 9–10.

Mr. Morton filed a motion for "reconsideration" with the EEOC on February 3, 2021, wherein he alleged that "he did not have any knowledge of the 45-day time frame to file an EEOC Complaint nor did he have any knowledge of the location of the information where it is provided in the USPS Petersburg Main Station being that he transferred there from other USPS Richmond Stations." *Id.* ¶ 11. Among other things, Mr. Morton "alleged that at the USPS, you learn as you go, many don't tell you things, and one must join the union just to receive the proper assistance if you get the assistance needed from them; very political in nature." *Id.* The motion for

---

2004)). Several courts in this circuit have found it appropriate to consider an EEOC complaint at the motion to dismiss stage, without converting the motion to one for summary judgment, either determining that it is a document of which a court may take judicial notice, *see Bratcher v. Pharm. Prod. Dev., Inc.*, 545 F. Supp. 2d 533, 538 n.3 (E.D.N.C. 2008), or because the document is deemed integral to the complaint and unchallenged, *see, e.g.*, *Smith v. Dupont Specialty Prods. USA, LLC*, 2023 WL 7703470, at *3 n.4 (E.D. Va. Nov. 15, 2023) ("The Court may examine the plaintiff's . . . EEOC charge, attached to the . . . defendant's memorandum in support of its motion to dismiss . . . because [it is] integral to and explicitly relied on in the Amended Complaint."); *Brown v. Inst. for Fam. Centered Servs.*, 394 F. Supp. 2d 724, 728 n.2 (M.D.N.C. 2005) (determining EEOC charge to be integral to the complaint inasmuch as "Plaintiff must rely on it to establish [he] has exhausted [his] administrative remedies"). This Court similarly finds it appropriate to consider the September 9, 2016 EEOC Complaint here.

reconsideration was denied, with the EEOC finding "that the request fail[ed] to meet the criteria of 29 C.F.R. § 1614.405(c)." *Id.* ¶ 12.

### III.  STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint." *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).  A Rule 12(b)(6) motion "is not a procedure for resolving . . . contest[s] between the parties about the facts or the substantive merits of the plaintiff's case." 5B Charles A. Wright, Arthur R. Miller, & A. Benjamin Spencer, *Federal Practice & Procedure* § 1356 (4th ed. 2024).  Federal Rule of Civil Procedure 8 only requires that a complaint set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," "detailed factual allegations" are not required in order to satisfy the pleading requirement of Federal Rule 8(a)(2).  *Id.* (citations omitted).  The plaintiff's well-pleaded factual allegations are assumed to be true, and the complaint is viewed in the light most favorable to the plaintiff.  *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).  All reasonable inferences that can be drawn from the complaint are drawn in the plaintiff's favor. *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020).

However, to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Labels and conclusions," a "formulaic recitation of the elements," and "naked assertions" without factual enhancement are insufficient. *Id.* Nonetheless, "on a Rule 12(b)(6) motion, the burden lies with the movant to show entitlement to dismissal." *Ziegler v. Dunn*, 2024 WL 761860, at *2 (E.D. Va. Feb. 23, 2024) (citing Wright, Miller, & Spencer, *supra*, § 1357).

Also, a *pro se* complaint is "to be liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). "But liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure," *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), nor does it require the Court to discern the unexpressed intent of a plaintiff or take on "the improper role of an advocate seeking out the strongest arguments and most successful strategy for a party," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). So, a *pro se* complaint "must nevertheless set forth enough facts to state a claim." *Erwin v. FedEx Freight, Inc.*, 2023 WL 5959422, at *2 (E.D. Va. Sept. 13, 2023).

## IV. DISCUSSION

Mr. Morton's Complaint asserts two claims. Count I alleges a violation of Title VII of the Civil Right Act of 1964, for a discriminatory and hostile work environment. Compl. ¶¶ 34–40, ECF No. 1-1. Count II alleges a violation of the Rehabilitation Act of 1973, for being told that he could not park in the accessible parking lot and being told that he cannot use the desk with computer access. *Id*. ¶¶ 41–46. Mr. Morton seeks damages totaling $1.5 million. *Id.* ¶¶ A–B.

Defendant argues that Mr. Morton's claims should be dismissed because (1) he failed to properly exhaust his administrative remedies by timely bringing his claims to an EEO counselor, and (2) he fails to allege enough facts to plausibly state a claim for relief under either statute. Def.'s Mem. Supp. 5–12, ECF No. 5. The Court is persuaded that Mr. Morton has failed to properly exhaust his claims, and so the Court need not reach the claims' substantive sufficiency.

"Federal employees . . . who seek to enforce their rights under Title VII . . . and the Rehabilitation Act must exhaust their available administrative remedies before pursuing an action in federal court." *Melendez v. Sebelius*, 611 F. App'x 762, 763 (4th Cir. 2015) (per curiam); *see also Stewart v. Iancu*, 912 F.3d 693, 698–99 (4th Cir. 2019) ("Rehabilitation Act claims 'must comply with the same administrative procedures that govern federal employee Title VII claims.'" (quoting *Wilkinson v. Rumsfeld*, 100 F. App'x 155, 157 (4th Cir. 2004))). A federal employee who wishes to pursue a Title VII or a Rehabilitation Act suit "must make contact with an EEOC counselor within forty-five days of the alleged discriminatory act or, in the case of personnel action, within forty-five days of the effective date of that action." *Emmert v. Runyon*, 178 F.3d 1283, 1999 WL 253632, at *2 (4th Cir. 1999) (per curiam) (unpublished table opinion) (citing 29 C.F.R. § 1614.105(a)(1)). "The requirements of administrative exhaustion are 'mandatory,' although not jurisdictional." *Figueroa-Ibarry v. Rennick*, 2021 WL 954843, at *4 (E.D. Va. Mar. 12, 2021) (quoting *Fort Bend Cnty. v. Davis*, 587 U.S. 541, 551 (2019)). Thus, a district court must dismiss a Title VII or Rehabilitation Act claim "if the plaintiff fails to seek EEOC counseling within the prescribed time period," *Emmert*, 178 F.3d 1283, 1999 WL 253632, at *2 (citing *Zografov v. V.A. Medical Ctr.*, 779 F.2d 967, 968–70 (4th Cir. 1985)), excepting only where the facts support "the application of the doctrine of equitable tolling," *Figueroa-Ibarry*, 2021 WL 954843, at *4.

Mr. Morton's allegations reveal that he failed to contact an EEOC counselor within the 45-day period. The conduct forming the bases for Mr. Morton's Title VII and the Rehabilitation Act claims occurred on November 17, 2017. Compl. ¶¶ 7, 14; *see id.* ¶¶ 14–28. The Complaint reveals that Mr. Morton's first EEOC contact vis-à-vis this complained-of conduct came 198 days later, on June 3, 2018, when he filed the motion to amend "a prior [EEOC] case . . . which was before a USPS EEOC Administrative [Law] Judge." *Id.* ¶ 4. Because Mr. Morton's first EEOC contact was outside of the 45-day period required by 29 C.F.R. § 1614.105(a)(1), he did not properly exhaust his claims.

The only way that Mr. Morton could avoid losing his unexhausted claims is if he could show entitlement to equitable tolling. Defendant preemptively argued that equitable tolling should not apply in these circumstances. *See* Def.'s Mem. Supp. 6–7. Reviewing Mr. Morton's allegations seeking to justify his late EEOC contact, the Court cannot say that the facts alleged reveal this to be one of those rare cases where equitable tolling should apply.

The Fourth Circuit has made clear that equitable tolling "should be sparingly applied." *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987). The principle of equitable tolling is primarily based "on the view that a defendant should not be permitted to escape liability by engaging in misconduct that prevents the plaintiff from filing his or her claim on time." *Id.* To demonstrate entitlement to equitable tolling, therefore, a plaintiff-employee must "show that the defendant attempted to mislead him and that the plaintiff reasonably relied on the misrepresentation by neglecting to file a timely charge." *Id.* (citing *Lawson v. Burlington Indus.*, 683 F.2d 862, 864 (4th Cir. 1982)). There will be no tolling unless the plaintiff-employee's failure to file a timely complaint "results from either a 'deliberate design by the employer or actions that the employer should unmistakably have understood would cause the employee to delay filing his

8

charge.'" *Olson v. Mobil Oil Corp.*, 904 F.2d 198, 201 (4th Cir. 1990) (quoting *Price v. Litton Business Sys., Inc.*, 694 F.2d 963, 965 (4th Cir. 1982)).  There is "a clear distinction between federal employees who have 'been induced or tricked by [their] adversary's misconduct into allowing [a] filing deadline to pass' and those who have merely 'failed to exercise due diligence in preserving [their] legal rights.'" *Weick v. O'Keefe*, 26 F.3d 467, 470 (4th Cir. 1994) (alterations in original) (quoting *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990)).

Mr. Morton has alleged no facts supporting the conclusion that the USPS induced or tricked him into missing his 45-day deadline.  *See generally* Compl.  Mr. Morton recounts the allegations that he made to the EEOC in his (denied) Motion for Reconsideration:  that "he did not have any knowledge of the 45-day time frame" or "knowledge of the location of the information where it is provided in the USPS Petersburg Main Station" and that "he was not shown this nor was told any of this." *Id.* ¶ 11.  Even read in the light most favorable to him, these allegations stop short of alleging that there were *no* EEOC informational materials available at the Petersburg Station, nor do they rise to the level of alleging any fraud or other affirmative misconduct on the part of the USPS preventing Mr. Morton from making a timely EEOC contact.  Further, Mr. Morton has alleged that he already had an EEOC case pending before an ALJ, *id.* ¶ 4, reflecting (at least constructive) knowledge of the administrative process.  In these circumstances, the Court does not read Mr. Morton's Complaint to establish the necessary facts to meet the high equitable tolling bar.[4]  The Court will thus not apply equitable tolling.

---

[4] The Court does take notice of Mr. Morton's allegation that he filed a grievance with the union president two days after the complained-of conduct in this case.  *Id.* ¶ 30; *see also id.* ¶ 11.  But, Mr. Morton's pursuance of this grievance procedure before contacting the EEOC does not toll the 45–day time limit for contacting an EEO counselor.  *See Smith v. Potter*, 445 F.3d 1000, 1007 & n.19 (7th Cir. 2006), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013).

Because Mr. Morton has failed to exhaust his administrative remedies on the instant claims, he fails to state a claim upon which relief could be granted. Given the timing of the underlying grievance and the expiration of available administrative relief, the Court finds this to be an incurable deficiency in this case; as a result, dismissal will be with prejudice. *See Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (dismissal with prejudice is appropriate where an amendment to the complaint would be futile).

## V. CONCLUSION

For the reasons set forth above, the Court will grant Defendant's Motion to Dismiss and will dismiss this civil action with prejudice.

An appropriate Order shall issue.

                                                  /s/ *RCY*
                                              Roderick C. Young
                                              United States District Judge

Date: <u>September 06, 2024</u>
Richmond, Virginia